United States Bankruptcy Court
Southern District of Texas
**ENTERED**
October 07, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| CANTERA COURT COMPLEX, INC., | § | BANKRUPTCY NO. 21-50044 |
| | § | |
| DEBTOR. | § | SUBCHAPTER V |

**ORDER CONFIRMING FIRST AMENDED SUBCHAPTER V PLAN OF REORGANIZATION OF DEBTOR CANTERA COURT COMPLEX, INC.**
**[Refers to Docket No. 75]**

On October 7, 2021, the Court conducted a hearing (the "**Confirmation Hearing**") to consider confirmation of the Debtor's *First Amended Subchapter V Plan (*the "**Plan**"),[1] proposed by Cantera Court Complex, Inc. ("**Debtor**" or **"Cantera"**), in the above-captioned subchapter V chapter 11 bankruptcy case pending before the United States Bankruptcy Court for the Southern District of Texas, Laredo Division (the "**Court**").  After notice and opportunity for hearing, and based upon the Court's review of (a) the Plan and its attendant exhibits; (b) the Ballot Summary; (c) the evidence proffered or adduced at the Confirmation Hearing; and (d) the arguments of counsel; and after due deliberation thereon and good cause appearing therefor, and for the reasons set forth on the record at the Confirmation Hearing, the Court issues this Confirmation Order confirming the Plan; the Court FINDS AND CONCLUDES[2] that:

---

[1] Capitalized terms used herein without definition shall have the meanings provided for in the Plan.  In addition, any term used in the Plan or this Order that is not defined in the Plan or this Order, but that is used in the Bankruptcy Code or the Bankruptcy Rules, shall have the meaning assigned to that term in the Bankruptcy Code or the Bankruptcy Rules.

[2] The findings of fact and the conclusions of law stated in this Confirmation Order shall constitute findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052, made applicable to the proceeding by Fed. R. Bankr. P. 9014. To the extent any finding of fact shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law shall be determined to be a finding of fact, it shall be so deemed.

Solicitation and noticing procedures as set out in the Plan have been complied with.

The deadline for filing objections to the Plan has passed and that no objections have been filed.

The Debtor appeared, through its duly appointed representative, at the Confirmation Hearing and has presented testimony, evidence, and argument of counsel in support of confirmation of the Plan, and that additional testimony, evidence or argument of counsel has been presented by other parties in interest.

The Debtor's Plan is a consensual plan and meets the requirements of 1191(a) and 1129(a) (with the exception of (a)(15)), and the Plan does not discriminate unfairly, and is fair and equitable.

The Debtor shall make disbursements to creditors under the Plan.

The service of the subchapter V trustee shall terminate upon substantial consummation of the Plan. The Debtor shall file a Notice of Substantial Consummation.

  A. *Jurisdiction; Venue; Core Proceeding*. The Court has jurisdiction over the Debtor's chapter 11 case pursuant to 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157 (b)(2)(L) over which the Court has exclusive jurisdiction.

  B. *Judicial Notice*. The Court takes judicial notice of the docket of the Debtor's chapter 11 case maintained by the Clerk of the Court and/or its duly appointed agent, including, without limitation, all pleadings and other documents filed with, all orders entered by, and all evidence and argument made, proffered or adduced at the hearings held before the Court during the pendency of the chapter 11 case.

C. *Transmittal and Mailing of Solicitation Materials and Notices*. In accordance with Bankruptcy Rules 2002 and 9014, the solicitation materials and notices prescribed by the Disclosure Statement Order were served in compliance with the Disclosure Statement Order, and such service was adequate and sufficient. The Court finds that adequate and sufficient notice of the Confirmation Hearing and the other deadlines and matters required to be noticed pursuant to the Disclosure Statement Order was given in compliance with the Bankruptcy Rules and the Disclosure Statement Order, and no other or further notice is or shall be required.

D. *Adequate Information*. The Court finds and concludes that the solicitation of acceptances of the Plan was conducted after disclosure of adequate information.

E. *Adequacy of Solicitation Procedures*. All procedures used to distribute the solicitation materials to the appropriate creditors entitled to vote on the Plan and to tabulate the ballots returned by creditors were fair and were conducted in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Disclosure Statement Order. Votes for acceptance or rejection of the Plan were solicited and cast in good faith, and only after transmittal of a disclosure statement containing adequate information, and otherwise in compliance with 11 U.S.C. §§ 1125 and 1126 and Fed. R. Bankr. P. 3017 and 3018.

F. *Good Faith Solicitation – 11 U.S.C. § 1125(e)*. Based on the record before the Court in the chapter 11 cases, the Debtor has acted in good faith within the meaning of 11 U.S.C. §§ 1125(e) and 1129(a)(3), and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Disclosure Statement Order in connection with all of their respective activities relating to the solicitation of acceptances of the Plan and their participation in the activities described in 11 U.S.C. § 1125, and entitled to the protections afforded by 11 U.S.C. § 1125(e).

G. *Impaired Classes that have Voted to Accept or Reject the Plan*. Under the Plan, Classes were impaired and, as evidenced by the Ballot Summary, which certified both the method and results of the voting, Classes 1, 2, and one creditor (an insider) in Class 3 have voted to accept the Plan pursuant to the requirements of 11 U.S.C. §§ 1124 and 1126. Thus, at least one impaired class of Claims has voted to accept the Plan.

H. *Classes Deemed to Have Accepted the Plan*. The Plan does not classify any unimpaired classes under the Plan that are deemed to have accepted the Plan pursuant to 11 U.S.C. § 1126(f).

I. *Compliance with 11 U.S.C. § 1129(a)(1)*. The Court finds and concludes that the Plan complies with the applicable provisions of the Bankruptcy Code, as required by 11 U.S.C. §§ 1191(a), 1129(a)(1). Additionally, as required by Bankruptcy Rule 3016(a), the Plan is dated, and the Plan identifies the Debtor as the proponent.

    1. *Compliance with 11 U.S.C. §1123(a)*. The Court finds and concludes that the Plan: (i) designates classes of Claims and Interests, other than Claims of a kind specified in 11 U.S.C. §507(a)(2), (3) and (8); (ii) specifies classes of Claims and Interests that are not impaired under the Plan; (iii) specifies the treatment of classes of Claims and Interests that are impaired under the Plan; (iv) provides the same treatment of each Claim or Interest of a particular class, unless the holder of a particular Claim or Interest agrees to less favorable treatment of their respective Claim or Interest; (v) provides for adequate means for the implementation of the Plan; and (iv) provides for payment to creditors under the Plan.

> 2. *Compliance with 11 U.S.C § 1123(b).* As permitted by 11 U.S.C. § 1123(b), the Plan; (i) impairs or leaves unimpaired, classes of Claims and Interests; (ii) provides for the assumption, rejection, or assignment of Executory Contracts and unexpired leases of the Debtor; (iii) provides for the settlement or adjustment of Claims or Interests belonging to Debtor or the Bankruptcy Estate, and for the retention and enforcement of Claims or Interests; (iv) modifies the rights of holders of unsecured claims and secured claims, as well as leaves unaffected the rights of other Classes of Claims; and (v) includes other appropriate provisions that are not inconsistent with the applicable provisions of the Bankruptcy Code.
>
> 3. The relief provided in the Plan is fair and necessary for the orderly implementation of the Plan and the administration of Debtor's Bankruptcy Estate. Therefore, the Plan satisfies the requirements of 11 U.S.C. § 1123(a) and (b).

J.  *Compliance with 11 U.S.C. § 1129(a)(2)*. The Court finds and concludes that the Debtor has complied with the applicable provisions of the Bankruptcy Code, as required by 11 U.S.C. § 1129(a)(2). The Debtor has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and this Court's Order in transmitting the Plan, Disclosure Statement, the ballots, and all related documents and notices in the solicitation and tabulation of acceptances or rejections of the Plan.

K.  *Compliance with 11 U.S.C. §1129(a)(3).* The Court finds and concludes that the Debtor has proposed the Plan in good faith and not by any means forbidden by law, as required by 11 U.S.C. § 1129(a)(3). The Debtor has acted and is presently acting in good faith in conjunction

with all aspects of the Plan. All provisions and transactions contemplated by the Plan were negotiated and consummated in good faith, at arm's length, and without collusion. In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the formulation of the Plan and the solicitation of the Plan. The Debtor filed the proposed Plan with legitimate and honest purposes of paying all allowed claims in full. Additionally, the Plan reflects the best interest of the Debtor's Estate. In addition, the Court finds and concludes that the Debtor solicited acceptance of the Plan in good faith, and in compliance with the Bankruptcy Code. The Debtor and her attorneys have participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code in the solicitation of the Plan, and therefore are not and shall not, on account of such issuance or solicitation, be liable at any time for the violations of any law, rule or regulation governing the solicitation of acceptances or rejections of the Plan or the distribution or dissemination of any information contained in the Plan, Disclosure Statement and the supplements thereto, and any and all related documents.

L.     *Compliance with 11 U.S.C. § 1129(a)(4)*. The Court finds and concludes that all payments made or to be made by the Debtor for services or for costs and expenses in or in the Debtor's Case, or in connection with the Plan and incident to the Debtor's Case have been approved by, or are subject to approval of, this Court, as required by 11 U.S.C. § 1129(a)(4).

M.     *Compliance with 11 U.S.C. § 1129(a)(5)*. The Court finds and concludes that the Debtor has complied with the provisions of 11 U.S.C. § 1129(a)(5); alternatively, as the Debtor is an individual, the Debtor did not propose an individual to serve in the capacity outlined in section 1129(a)(5).

N.  *Compliance with 11 U.S.C. § 1129(a)(6)*. The Court finds and concludes that, after confirmation of the Plan, the plan does not purport to alter any rate regulation by any governmental entity, thus satisfying 11 U.S.C. §1129(a)(6).

O.  *Compliance with 11 U.S.C. § 1129(a)(7)*. The Court finds and concludes that with respect to impaired classes of Claims or Interests (Classes 1, 2, 3) each holder of a Claim or Interest has either: (i) accepted the Plan or (ii) will receive under the Plan on account of such Claim or Interest property of a value, as of the Effective Date, that is not less than the amount that such holder would receive if the Debtors were liquidated under Chapter 7 of the Bankruptcy Code, as required by 11 U.S.C. § 1129(a)(7).

P.  *Compliance with 11 U.S.C. § 1129(a)(8)*. The Court finds and concludes that Classes 1 and 2 and 3 have accepted the Plan pursuant to 11 U.S.C. § 1126(c).

Q.  *Compliance with 11 U.S.C. §1129(a)(9)*. The Court finds and concludes that the treatment of Claims of a kind specified in 11 U.S.C. § 507(a)(3) satisfies the requirements set forth in 11 U.S.C. § 1129(a)(9).  The Plan does not classify any Classes of claims that fall under 507(a)(1),(2),(4)-(8).

R.  *Compliance with 11 U.S.C. § 1129(a)(10)*. The Court finds and concludes that at least one class of Claim or Interests that is impaired under the Plan has voted to accept the Plan, excluding any acceptances by any insider, thus satisfying 11 U.S.C. § 1129(a)(10).

S.  *Compliance with 11 U.S.C. § 1129(a)(11).* The Court finds and concludes that the Debtor has sufficient income to meet its ongoing operating expenses and that Plan confirmation is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtors, as required by 11 U.S.C. § 1129(a)(11).

T.  *Compliance with 11 U.S.C. § 1129(a)(12)*. All fees payable under 28 U.S.C. § 1930 on or before the Effective Date, as determined by the Court, have been paid or will be paid on the Effective Date pursuant to the Plan, thus satisfying the requirements of 11 U.S.C. § 1129(a)(12). As this is a subchapter V chapter 11 case, no United States Trustee fees are owing.

U.  *Inapplicable Provisions of the Bankruptcy Code.* The Court finds and concludes that the provisions of 11 U.S.C. § 1129(a)(13)-(16) are inapplicable to the Debtor or the Plan.

V.  *Only One Plan – 11 U.S.C. § 1129(c)*. This Order shall confirm only the Plan as filed by the Debtor at Docket No. 205. There are no competing plans proposed in this case. Accordingly, the requirements of 11 U.S.C. § 1129(c) have been satisfied.

W.  *Principal Purpose – 11 U.S.C. § 1129(d)*. The principal purpose of the Plan is neither the avoidance of taxes nor the avoidance of Section 5 of the Securities Act of 1933, and no governmental unit has objected to the confirmation of the Plan on any such grounds. The Plan therefore satisfies the requirements of 11 U.S.C. § 1129(d).

X.  *Retention of Jurisdiction*. The Court properly may retain jurisdiction over the matters set forth in Article VII of the Plan. If the case is ever converted to a case under chapter 7 of the Bankruptcy Code, all property of the debtors will revest in the chapter 7 estate and be subject to administration by the chapter 7 trustee.

Y.  *Burden of Proof*. The Debtor, as proponent of the Plan, has met its burden of providing the elements of 11 U.S.C. §§ 1129(a) and (b) by a preponderance of the evidence.

Z.  *Satisfaction of Confirmation Requirements*. The Plan satisfies the requirements for confirmation set forth in 11 U.S.C. § 1129.

AA. *Payment of Laredo College Ad Valorem Tax Claims*.[3] Notwithstanding anything to the contrary contained within the Plan, the Secured Tax Claims owing to Laredo College pertaining to tax accounts 989-20001-010; 801-03018-167 shall be paid in equal monthly payments amortized 60 months from the Petition Date at 12.00% interest per annum. The 2021 ad valorem taxes owed to Laredo College shall be paid from the tax escrow paid monthly to Falcon Bank and in the ordinary course of business and Laredo College shall not be required to file a request for allowance and payment of its claim. Falcon Bank shall disburse pro-rata from the escrow payments made post-petition by Debtor to each of the Taxing Authorities, including Laredo College for the 2021 tax year on the Effective Date.

Default shall occur if one monthly installment due to Laredo College under the confirmed Plan is not paid by Debtor. In the event of default, the taxing authority shall send written notice of default to Debtor's attorney and Debtor. If the default is not cured within twenty (20) days after notice of the default is mailed, the taxing authority may proceed with state law remedies for collection of all amounts due under state law pursuant to the Texas Property Tax Code. The Debtor has the opportunity to cure two (2) times over the life of the Plan. In the event of a third default, the taxing authority may proceed with the state law remedies for collection of all amounts due under state law pursuant to the Texas Property Tax Code.

BB. *Payment to City of Laredo for Ad Valorem Tax Claims*. Notwithstanding anything to the contrary contained within the Plan, the Secured Tax Claims owing to City of Laredo pertaining to tax accounts 989-20001-010 shall be paid in equal monthly payments amortized 60 months from the Petition Date at 12.00% interest per annum. The 2021 ad valorem taxes owed

---

[3] Any treatment of ad valorem or other claims in the Confirmation Order is due to: (a) a creditor filing a proof of claim that was not treated in the Plan; (b) a creditor filing a proof of claim in an amount different than what was treated in the Plan. All other treatment of claims is set out in the Plan.

to City of Laredo shall be paid from the tax escrow paid monthly to Falcon Bank and in the ordinary course of business and City of Laredo shall not be required to file a request for allowance and payment of its claim. Falcon Bank shall disburse pro-rata from the escrow payments made post-petition by Debtor to each of the Taxing Authorities, including City of Laredo for the 2021 tax year on the Effective Date.

Default shall occur if one monthly installment due to City of Laredo under the confirmed Plan is not paid by Debtor. In the event of default, the taxing authority shall send written notice of default to Debtor's attorney and Debtor. If the default is not cured within twenty (20) days after notice of the default is mailed, the taxing authority may proceed with state law remedies for collection of all amounts due under state law pursuant to the Texas Property Tax Code. The Debtor has the opportunity to cure two (2) times over the life of the Plan. In the event of a third default, the taxing authority may proceed with the state law remedies for collection of all amounts due under state law pursuant to the Texas Property Tax Code.

CC. *Payments to Webb County Tax Assessor Collector for Ad Valorem Tax Claims.* Notwithstanding anything to the contrary contained within the Plan, the Secured Tax Claims owing to Webb County Tax Assessor pertaining to tax accounts 989-20001-010; 801-03018-167 shall be paid in equal monthly payments amortized 60 months from the Petition Date at 12.00% interest per annum. The 2021 ad valorem taxes owed to Webb County Tax Assessor shall be paid from the tax escrow paid monthly to Falcon Bank and in the ordinary course of business and Webb County Tax Assessor shall not be required to file a request for allowance and payment of its claim. Falcon Bank shall disburse pro-rata from the escrow payments made post-petition by Debtor to each of the Taxing Authorities, including Webb County Tax Assessor for the 2021 tax year on the Effective Date.

Default shall occur if one monthly installment due to Webb County Tax Assessor under the confirmed Plan is not paid by Debtor. In the event of default, the taxing authority shall send written notice of default to Debtor's attorney and Debtor. If the default is not cured within twenty (20) days after notice of the default is mailed, the taxing authority may proceed with state law remedies for collection of all amounts due under state law pursuant to the Texas Property Tax Code. The Debtor has the opportunity to cure two (2) times over the life of the Plan. In the event of a third default, the taxing authority may proceed with the state law remedies for collection of all amounts due under state law pursuant to the Texas Property Tax Code.

DD.  *Treatment of Falcon Notes*.  Debtor shall commence making payments to Falcon Bank, on the November 1, 2021, as described in the Plan in the amount of $26,335 in addition to an $8,366 monthly tax escrow[4]. Upon closing and funding of any sale transaction that pays down the Falcon Notes, Falcon agrees to provide Debtor with an updated payment amortization and breakdown within five business days of the sale closing and funding in accordance with the amount of outstanding indebtedness at that time being amortized over a two hundred and forty (240) month period at 4.5% interest with a five-year balloon.

All other provisions in the Plan relating to the treatment of the Falcon Notes apply and are incorporated into this Order.

 **IT IS THEREFORE ORDERED THAT:**

1.  **Confirmation**.  The Plan, filed at Docket No. 75, is **HEREBY CONFIRMED pursuant to Section 1191(a) of the Bankruptcy Code**.  The terms of this Confirmation Order are controlling if any inconsistency exists between this Confirmation Order and the Plan.  The failure

---

[4] **Exhibit A** is the payment breakdown.

to specifically include or to refer to any particular article, section, or provision of the Plan or any related document in this Confirmation Order shall not diminish or impair the effectiveness of such article, section, or provision.  The Plan and any related documents are confirmed in their entirety.  The Court incorporates the findings of fact set forth above as the Orders of this Court as appropriate.

2. **No Allowance of Claim**.  Except as provided herein, no Claim marked disputed, contingent, or unliquidated on the Debtor's schedules and statements is or shall be deemed Allowed until the later of the Claim Objection Deadline or the expiration of some other applicable period of time fixed by this Court in this Confirmation Order, unless otherwise ordered by a Final Order of the Bankruptcy Court.

3. **Professional Claim Bar Date**.  Final applications for compensation and reimbursement filed by Professionals employed under 11 U.S.C. § 327 shall be filed no later than thirty (30) days after the Effective Date (the "Professional Claim Bar Date"). The deadline to object to timely filed applications for the compensation and reimbursement of Professionals shall be twenty-one (21) days from the date of filing for each final fee application or as set out in each application, or by Court order.

4. **Confirmation Order Non-severable**.  This provision of this Confirmation Order are non-severable and mutually dependent.

5. **Order Effective and Enforceable Immediately**.  This Confirmation Order is effective and enforceable immediately upon entry.  This does not affect the Effective Date as set out in the Plan.

**IT IS FURTHER ORDERED that**

6. The Debtor shall act as the disbursing agent and will be responsible for making all payments to creditors and other parties in interest under the Plan.

7. Upon substantial consummation of the Plan, the duties of the Trustee in the Debtor's bankruptcy case shall terminate as provided under 11 U.S.C. § 1183(c)(1).

8. No later than 14 days after the Plan is substantially consummated, the Debtor shall file with the Court and serve upon the Trustee, U.S. Trustee, and all parties in interest, notice of substantial consummation of the Plan as provided under 11 U.S.C. § 1183(c)(2).

9. On the Effective Date of the Plan, the Debtor shall be and is hereby discharged to the extent and as provided by 11 U.S.C. § 1141(d)(1), except that the Debtor will not be discharged from (a) any obligations and debts imposed by the Plan; (b) any debts excepted from discharge under section 523 as provided by 11 U.S.C. § 1141(d)(2) if the Debtor is an individual; and (c) any debts of the types provided by 11 U.S.C. § 1141(d)(6) if the Debtor is a corporation.

10. On the Effective Date of the Plan, property of the bankruptcy estate of the Debtor shall vest in the Debtor under 11 U.S.C. § 1141(b). If the Debtor's bankruptcy case is subsequently converted to Chapter 7, all property of the Debtor shall automatically revest and become property of the bankruptcy estate of the Debtor in the converted Chapter 7 case.

11. The terms of the Plan (with Additional Plan Provisions set forth below) and this Confirmation Order will be binding upon the Debtor, all creditors, and all equity

security holders, whether or not such creditors and equity holders are impaired under the Plan or have accepted the Plan, as provided by 11 U.S.C. § 1141(a).

12. Within 3 days after the Effective Date of the Plan, counsel for the Debtor shall serve notice of (i) entry of this Confirmation Order; (ii) the occurrence of the Effective Date; and (iii) any bar dates and any other deadlines set by the Plan ("Notice"), pursuant to Bankruptcy Rule 3020(c). The Notice shall be sent to all creditors and parties-in-interest by first class mail, postage prepaid. Counsel for the Debtor shall thereafter promptly file a copy of such Notice with proof of mailing with the Court.

13. The Debtor and its respective agents and attorneys are hereby authorized, empowered, and directed to carry out the provisions of the Plan (with Additional Plan Provisions set forth below) and to perform all acts and execute and deliver such documents as are necessary or appropriate under the Plan and this Confirmation Order.

**Signed: October 07, 2021.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

**ORDER SUBMITTED BY:**

*/S/CATHERINE STONE CURTIS*
Catherine Stone Curtis

{00550424;2}                                       14 of 13

Texas State Bar No.: 24074100
Southern District of Texas ID No.: 1129434
PULMAN, CAPPUCCIO & PULLEN, LLP
P.O. Box 720788
McAllen, Texas 78504
956-467-1900 (phone)
956-331-2815 (fax)
ccurtis@pulmanlaw.com
**Attorneys for the Debtor Cantera Court Complex, Inc.**

**Agreed to by:**

_____/s/Richard E. Haynes, II*_____
RICHARD E. HAYNES, II
State Bar No. 00793923
(E-mail- rhaynes@thlaw.us)
ALISON W. HAYNES
State Bar No. 00794840
(E-mail - ahaynes@thlaw.us)
TREVINO/HAYNES, PLLC
3910 E. Del Mar Blvd., Suite 107
Laredo, Texas 78045
956-722-1417 (telephone)
956-791-0220 (facsimile)
**Attorneys for Falcon International Bank**
*affixed with permission by CSC

/s/Allison D. Byman*

Allison D Byman

SBN:24040773

7924 Broadway suite 104

Pearland TX 77581

281.884.9269

Adb@bymanlaw.com

Subchapter V Trustee

*affixed with permission by CSC


*/s/ Aubrey L. Thomas*

Aubrey L. Thomas

Assistant U.S. Trustee for San Antonio and Corpus Christi

AZ State Bar No. 029446

*affixed with permission by CSC

# EXHIBIT A